UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**MICHAEL DALE HOWARD**                                                           **PLAINTIFF**

v.                                                                 CIVIL ACTION NO. 4:12CV-P123-M

**DAVID C. PAYNE (JUDGE)** *et al.*                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Michael Dale Howard filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted state inmate incarcerated at the Kentucky State Penitentiary (KSP). As Defendants, Plaintiff names David C. Payne, Daviess District Court Judge-Division II; Michael Spindler, Correctional Training Officer (CTO) at KSP; Michelle Mattingly, Plaintiff's sister; and "Dept. of Corrections Staff." He sues each Defendant in their individual and official capacities.

Plaintiff's statement of claims is divided in two parts. First, Plaintiff reports that on July 19, 2008, his mother passed away. On October 28, 2008, the estate was brought in front of Judge Payne. Plaintiff reports that he was required by the court to appear, by telephone, on that same date to protest against the estate. Plaintiff states that he was available when Judge Payne called Luther Luckett Correction Complex (LLCC), where he was housed at the time, and that he "tried to tell the caseworker this but never could until it was too late." Plaintiff contends that

Judge Payne knew he was incarcerated but went ahead and appointed the sheriff as the public administrator over the estate. Plaintiff contends that he was entitled to half of the estate. On October 2, 2009, "a hearing was ordered for the sale of my estate." He claims that his lawyer did not attempt to help him. He further claims, "My sister, Michelle Mattingly, didn't even care about me. She didn't even contact me until I found out by mail that my estate was being sold."

The second part of Plaintiff's complaint pertains to his current incarceration at KSP. He alleges as follows:

> According to the 1st Amendment, I have the right to say what I want & and to write whatever I want. I'm bi-sexual & just recently (Sept. 09, 2012) I told C.T.O. Spindler I wanted to go to Protective Custody because I owed money in the General Population. He stated that he wouldn't write me up. Well, the next week, I was written up for incurring or collecting debts. I wrote the Warden (Randy White) and he told me today, 10/16/12, that he would send the accusation to the Unit Administrator. This is not right and is a violated of my 1st Amendment. I'm not to be discriminated because of my sexual preference. Mr. Spindler did this & now I am being required to complete 45 more days of hole time because of him. I've had numerous guards that have harassed me in the past but nothing has been accomplished. I have the right to a safe and healthy environment while being confined in prison.

Plaintiff further alleges that he is a "'sex offender' and it's required by the Department of Corrections for me to complete the Sex Offender Treatment Program [SOTP] before I see the Parole Board. I've tried to get to a facility that has it but have been sent to a place that doesn't." He reports sending letters asking to be sent to a facility with the program but has been turned down. He claims that he "won't get to start until 2014 because K.S.P. requires you to have 1 yr. clear before you can leave while the other prisons only require 6-months."

As relief, Plaintiff seeks monetary and punitive damages; that Defendant Spindler be terminated; that Plaintiff be transferred to LLCC to complete the SOTP; and that Defendant Mattingly "be sent directly to K.S.P. and to hand over all proceeds to me at the most urgent and convenient time as required by the Court."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under

4

color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *Judge David C. Payne*

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The allegations against Defendant Judge Payne occurred in October 2008 and October 2009. Plaintiff's claims against him, therefore, accrued at the latest in October 2009, and the statute of limitations expired one year later in October 2010. Because Plaintiff did not file the complaint until two years later on October 17, 2012,[1] the claims against Defendant Judge Payne are time-barred and must be dismissed.

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was delivered to the prisoner mail system for mailing on October 17, 2012.

### B. *Michelle Mattingly*

With respect to Defendant Mattingly, Plaintiff's sister, Plaintiff fails to meet the second element of a § 1983 claim. That is, he fails to demonstrate that she was acting under color of state law. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). However, "a private party can fairly be said to be a state actor if (1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Id.* at 590-91 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff has made no such allegation that Defendant Mattingly acted with any state official or state authority. Accordingly, Defendant Mattingly is not a state actor, and Plaintiff has failed to state a cognizable § 1983 claim against her.

Additionally, like the claims against Judge Payne, the § 1983 claims against Defendant Mattingly are time-barred.

The claims against Defendant Mattingly, therefore, will be dismissed.

### C. *CTO Spindler*

Although Plaintiff mentions the First Amendment when stating his claim against Defendant Spindler, Plaintiff fails to allege facts demonstrating the violation of any First Amendment right. Therefore, any First Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also mentions that "I'm not to be discriminated because of my sexual preference." He fails, however, to demonstrate any causal connection between his sexuality and

6

the actions of Defendant Spindler. *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) ("'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group."). Plaintiff, therefore, fails to state any Fourteenth Amendment equal-protection claim.

Finally, Plaintiff challenges Defendant Spindler's write up which resulted in Plaintiff having to "complete 45 more days of hole time." Beyond the simple fact that he was placed in disciplinary segregation for 45 days, Plaintiff asserts no additional facts which illustrate how his particular confinement itself imposes "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Absent such showing, Plaintiff is not entitled to due process protection.

For these reasons, Plaintiff's claims against Defendant Spindler will be dismissed for failure to state a claim upon which relief may be granted.

### D. Dept. of Corrections (DOC) Staff

Plaintiff does not specify which "Staff" he alleges committed any purported wrongdoing against him. To the extent he is complaining about unspecified DOC "Staff" failing to send him to a facility where he can complete the SOTP so that he may then see the parole board, he has failed to state a claim upon which relief may be granted.

"Prisoners claiming a due process violation under the Fourteenth Amendment must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary governmental action." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). "Such a liberty interest can arise from the Constitution," *id.*, and "States may under certain circumstances create

liberty interests which are protected by the Due Process Clause." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). These state-created liberty interests, however, "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. at 484 (citations omitted).

In the present case, neither the United States Constitution nor Kentucky's statutes, policies or practices create a liberty interest in parole or in participation in the Sex Offender Treatment Program. *See* Ky. Rev. Stat. Ann. § 439.340 (parole); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."); *Guilkey v. Holden*, No. 88-5658, 1988 WL 134526, at *1 (6th Cir. Dec. 16, 1988) ("Kentucky's parole statute, Ky. Rev. Stat. § 439.340, does not create a liberty interest protected by the due process clause. Thus, plaintiff does not have a legitimate entitlement to or expectation of participation in the sex offender treatment program.").

In addition, Plaintiff's alleged deprivations do not constitute an atypical and significant hardship on him in relation to the ordinary incidents of prison life so as to implicate a state-created liberty interest deserving of due process protection. *Sandin v. Connor*, 515 U.S. at 484; *see also Foster v. McAninch*, No. 97-4294, 1999 WL 107980, at *1 (6th Cir. Feb. 9, 1999) ("[T]he denial of sex offender treatment was not an atypical and significant hardship."); *Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997) ("Preventing

8

a prisoner from participating in the [sex-offender treatment] program has not been shown or held to be the type of atypical and significant deprivation that might call constitutional guarantees into play of its own force."); *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 796 (W.D. Mich. 2012) ("[S]everal courts have concluded that sex-offender classifications and mandatory sex-offender treatment for convicted sex offenders do not require additional due process protections beyond the conviction.").

Accordingly, Plaintiff's due process claims against DOC "Staff" will be dismissed for failure to state a claim upon which relief may be granted.

For the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date: March 27, 2013

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.005